WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirosh H. De Silva, | No. CV 24-00200-TUC-MAA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Pima County Government; et al., | |
| Defendants. | |

Pending before the court is the plaintiff's Motion for Reconsideration, filed on November 25, 2024. Doc. 68. The defendants filed a response on December 18, 2024. Doc. 74. The plaintiff filed a reply on December 24, 2024. Doc. 75.

The court finds that the motion is suitable for decision without oral argument. *See* LRCiv 7.2(f).

On November 12, 2024, the court issued an order granting in part the defendants' partial motion to dismiss. Doc. 65. The plaintiff, De Silva, moves that this court reconsider its ruling in so far as it grants the defendants' motion to dismiss De Silva's claims that the defendants "discriminated against Plaintiff by failing to have and/or enforce adequate systems, customs, practices, policies, and procedures that would have prevented the discrimination he alleges" and his claims that he suffered employment discrimination due to negligence or negligence per se. Doc. 68, p. 1.

A motion for reconsideration invites the court to re-litigate a matter, but it is appropriate in only "rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp.

1342, 1351 (D. Ariz. 1995). It is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (punctuation modified). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence [that could not have been presented earlier with reasonable diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J,Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (punctuation modified). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

De Silva does not allege that he has newly discovered evidence or that there has been an intervening change in controlling law. Doc. 68. Instead, he argues that the court's ruling was manifestly unjust. The court does not agree.

"A finding of manifest injustice requires meeting a high bar." *Henrickson v. Nevada*, 2021 WL 12300286, at *2 (D. Nev. May 13, 2021). "The courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such

- 2 -

as a defendant's guilty plea that is involuntary." *Id*. (punctuation modified). "[T]he decision must strike the court as more than just maybe or probably wrong — it must be dead wrong." *United States v. Gila Valley Irrigation Dist.*, 2024 WL 263566, at *1 (D. Ariz. Jan. 24, 2024).

In the pending motion, De Silva argues generally that this court's prior ruling misapplied or overlooked certain precedential rulings. Doc. 68. He maintains specifically that the court's ruling regarding his employer's protocol for reviewing alleged claims of discrimination failed to follow the Supreme Court's latest decision in the area: *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 144 S. Ct. 967, 218 (2024). In *Muldrow*, the Court discussed the amount of harm a potential plaintiff must suffer when she alleges that a "transfer brought about some disadvantageous change in an employment term or condition." *Id*. at 347. The Supreme Court held that this change need not be "significant" but "a transferee must show some harm respecting an identifiable term or condition of employment." *Id*. This case is certainly informative, but it is not on all fours with the pending action. Reasonable minds could differ as to how and to what extent *Muldrow* should have informed this court's prior order. Accordingly, De Silva has not shown that this court's prior decision was "dead wrong." *United States v. Gila Valley Irrigation Dist.*, 2024 WL 263566, at *1 (D. Ariz. Jan. 24, 2024).

De Silva further argues that this court's dismissal of the negligence and negligence per se claims "was contrary to Arizona case law and precedent." Doc. 68, p. 5. The pending motion revisits certain points that he presented previously, which is not appropriate on a motion for reconsideration. *See* Doc. 44; *see also* LRCiv 7.2(g). He includes some new arguments, but he fails to show that he could not have raised these points earlier.

De Silva has not established that the court has committed "clear error" or that it has made an error "direct, obvious and observable." *Henrickson v. Nevada*, 2021 WL 12300286, at *2 (D. Nev. May 13, 2021). In essence, he moves that this court "rethink what the court has already though through." *Defenders of Wildlife*, 909 F. Supp. at 1351. That is insufficient.

De Silva moves in the alternative that this court should certify the state law negligence issue to the Arizona Supreme Court. "[T]he Arizona Supreme Court may accept a request for certification only if the question to be resolved 'may be determinative of the cause then pending in the certifying court . . . .'" *Mohareb v. Maricopa Cnty. Special Health Care Dist.*, 2024 WL 2746952, at *4 (D. Ariz. May 29, 2024) (quoting A.R.S. § 12-1861).

In this case, the question to be resolved would determine the viability of De Silva's negligence claims, but it would not affect his claims to intentional workplace discrimination. These latter claims are the gravamen of De Silva's complaint and seem to be a prerequisite for negligence liability to attach. Accordingly, this question is not "determinative of the *cause* [now] pending in the certifying court," and this issue cannot be referred to the Arizona Supreme Court. *Id*. (emphasis in original); *see, e.g., Id*. ("Here, any certification request would not be potentially 'determinative of the cause then pending in the certifying court,' . . . because it would affect, at most, one of Plaintiff's six claims.").

IT IS ORDERED that the plaintiff's Motion for Reconsideration, filed on November 25, 2024 is DENIED. Doc. 68.

DATED this 8th day of January, 2025.

_____
Honorable Michael A. Ambri
United States Magistrate Judge

- 4 -