WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirosh H. De Silva, | No. CV 24-00200-TUC-MAA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Pima County Government; et al., | |
| Defendants. | |

Pending before the court is the plaintiff's Motion for Rule 54(b) Certification, filed on November 26, 2024. Doc. 69. The defendants did not file a response, but asserted in a separate filing that the motion was premature. Doc. 74, p. 2.

Also pending is the plaintiff's motion for a status report, filed on January 14, 2025. Doc. 79.

Background

On November 12, 2024, this court issued an order granting in part the defendants' partial motion to dismiss. Doc. 65. The court dismissed De Silva's claims that the defendants "discriminated against Plaintiff by failing to have and/or enforce adequate systems, customs, practices, policies, and procedures that would have prevented the discrimination he alleges" and his claims that he suffered employment discrimination due to negligence or negligence per se. Doc. 69, p. 1. The court did not dismiss the plaintiff's claims to intentional discrimination pursuant to Title VII and the Arizona Civil Rights Act.

Doc. 65. On January 8, 2025, this court denied De Silva's motion for reconsideration. Doc. 76.

In the pending motion, De Silva moves that this court, pursuant to Fed.R.Civ.P. 54(b), direct entry of final judgment for the claims dismissed. Doc. 69. Such an order would enable him to file an immediate appeal with the Ninth Circuit. Doc. 69.

Discussion

"Rule 54(b) allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain unadjudicated." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). "To do so, the district court first must render an ultimate disposition of an individual claim." *Id*. (punctuation modified). "The court then must find that there is no just reason for delaying judgment on this claim." *Id*.

"[W]here a suit involves multiple claims," judgment under the Rule may be entered if "the claims under review are separable from the others remaining to be adjudicated." *Id*. at 576. "[A] district court must take into account judicial administrative interests as well as the equities involved." The district court's decision to enter final judgment under Rule 54(b) is a matter of discretion. *Id*.

The court finds that the dismissed claims are not "separable" from the remaining employment discrimination claims. If De Silva is unable to prove intentional discrimination, the dismissed claims might prove moot. And it would waste judicial resources to appeal their dismissal before the remainder of the case was decided. *See, e.g., Paskenta Band of Nomlaki Indians v. Crosby*, 2016 WL 6696071, at *3 (E.D. Cal. Nov. 14, 2016) (Motion pursuant to 54(b), which would have necessitated an immediate appeal, was denied where "the ultimate disposition of this case could moot the need for such an appeal.").

IT IS ORDERED that the plaintiff's Motion for Rule 54(b) Certification, filed on November 26, 2024, is DENIED. Doc. 69.

1     IT IS FURTHER ORDERED that the plaintiff's motion for a status report, filed on
2 January 14, 2025 is GRANTED in so far as this order addresses his motion. Doc. 79.

4     DATED this 24th day of January, 2025.

Honorable Michael A. Ambri
United States Magistrate Judge