WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirosh H. De Silva, | No. CV 24-00200-TUC-MAA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Pima County Government; et al., | |
| Defendants. | |

Pending before the court is the defendants' motion to exceed page limits filed on February 11, 2026. Doc. 137. The plaintiff filed a response on February 23, 2026. Doc. 139. The defendants filed a reply on March 2, 2026. Doc. 140.

The plaintiff's response, filed on February 23, 2026, included a motion to strike. Doc. 139. The defendants filed a response on March 9, 2026. Doc. 142. The plaintiff filed a reply on March 15, 2026. Doc. 143.

Previously, on October 17, 2025, the defendants filed a motion for summary judgment and a statement of facts. Docs. 105, 106. The court permitted the defendants to file a 36-page brief. Doc. 108. Subsequently, the court permitted the plaintiff to file a 34-page response. Doc. 133. In the pending motion, the defendants seek permission to file a 44-page reply. Doc. 137. They assert that "Plaintiff's Response [] contains many vague, ambiguous, or oversimplified statements and theories which required in-depth analysis to rebut." Doc. 137, pp. 1-2.

In his response, the plaintiff objects to the length of the proposed reply. Doc. 139, p. 7. He argues generally that they have "introduced new evidence," "rehashed previous arguments," and "bloated their responses." *Id*.

In their reply, the defendants describe specific arguments that the plaintiff made in his response and explain why they need extra space to effectively address those arguments. Doc. 140. The court finds the defendants' reasoning persuasive. The court will allow the defendants to file a 44-page reply. Doc. 137.

The plaintiff further moves that this court strike Exhibits A, B, C, and D from the proposed reply. Doc. 139.

In Exhibit B of the proposed reply, the defendants attached certain documents that the defendants asserted were included in Pima County's initial disclosure and were not, as the plaintiff stated, disclosed as the result of a public records request. Lodged Reply, Doc. 138, p. 13; Doc. 139, pp. 4-5. The plaintiff maintains in his motion to strike that he originally received these documents on a thumb drive and they are pertinent to the 2022 Buyer Principal Hiring Process. Doc. 139, p. 5.

In their response, the defendants state that they have conducted further investigations and agree that the plaintiff is correct. Doc. 142, p. 2. They do not object to the exclusion of Exhibit B. *Id.*

In Exhibit D of the proposed reply, the defendants attached the "notes from the scored first interview" because they believed that the plaintiff inadvertently failed to attach them to his Controverting Statement of Facts. Doc. 138, p. 36. The plaintiff explains in his motion to strike that he did attach them (they are marked Exhibits 1, 2, and 3) and therefore Exhibit D is redundant. Doc. 139, p. 7.

In their response, the defendants concede that Exhibit D is redundant and do not object to its exclusion. Doc. 142, p. 6.

Exhibit A, which is attached to the proposed reply, contains an Amended Declaration of Cathy Bohland and an Amended Declaration of Scott Loomis. Doc. 138-1. The original Declarations of Cathy Bohland and Scott Loomis are attached to the defendants' Statement of Facts in support of their motion for summary judgment, but they lack an acknowledgment that they were completed "under penalty of perjury" as required by 28 U.S.C. § 1746. Doc. 106-1, pp. 379-391. The plaintiff noticed the omission and argued in his Controverting

Statement of Facts that the Declarations could not be used by the defendants to support their motion for summary judgment.  Doc. 139, p. 2.  Apparently, the defendants attempted to fix the error by attaching amended declarations as Exhibit A to their proposed reply brief.  Doc. 139, p. 2.

The plaintiff moves that the court strike the Amended Declarations.  Doc. 139.  He directs the court to *Harris Tech. Sales, Inc. v. Eagle Test Sys., Inc.*, No. 06-02471-PHX-RCB, 2008 WL 343260, at *6 (D. Ariz. Feb. 5, 2008).  In that case, he explains, a "statement from a plaintiff's witness [that lacked the statutory language] was deemed inadmissible and no opportunity to cure was allowed in the motion for partial summary judgment." Doc. 139, p. 3.

This court agrees with *Harris* in so far as that court held that a statement that fails to comply with section 1746 is inadmissible for the purposes of a motion for summary judgment.  *Harris* at *5-6.  And this court agrees with the plaintiff that the *Harris* court did not state that the plaintiff could cure the error.  There was, however, no indication in *Harris* that the plaintiff asked the court for an opportunity to do so.  *Harris* does not stand for the proposition that this court may not allow the defendants an opportunity to cure their error by offering amended declarations.

As the *Harris* court noted, "summary judgment practice" is to promote "judicial efficiency" and avoid "costly litigation." *Harris* at *2.  It would be contrary to Fed.R.Civ.P. 1 to forbid the defendants from amending their declarations if, as the plaintiff concedes here, they would be able to admit the declarants' statements under oath at trial. Doc. 139, p. 4.  In fact, the recently amended Fed.R.Civ.P. 56(e)(1) provides that "[i]f a party fails to properly support an assertion of fact [offered on a motion for summary judgment] . . . the court may . . . give an opportunity to properly support or address the fact. . . ."); *see, e.g., Matos v. Merck & Co.*, 2015 WL 894253, at *2, n. 6 (E.D. Pa. Mar. 3, 2015) ("Because Merck has cured this defect by submitting a supplemental declaration from Cooper, in which he reaffirms and declares that he made . . . each of the assertions of fact . . . subject to and under

the penalties of perjury. . . the Court declines to strike the declaration from the summary judgment record.") (punctuation modified), *aff'd*, 643 F. App'x 187 (3d Cir. 2016).

The plaintiff suggests that the defendants' "error" might have been a purposeful attempt to submit the declarants' testimony in a manner that would allow them to avoid culpability if any of their statements proved false. Doc. 139, p. 2. The plaintiff, however, does not offer any evidence to support this theory.

The plaintiff further asserts that he would be prejudiced if the court allowed the defendants to correct their error now, but he does not explain how it would be better for him to confront the declarants' statements at trial rather than in summary judgment proceedings. If the declarants' statements prove that there is no genuine issue of material fact and a trial would be unnecessary, everyone, including the plaintiff, would benefit from knowing that now rather than later.

The court is, however, sympathetic to the plaintiff's argument that the defendants' inclusion of the defective declarations in their original Statement of Facts influenced the arguments he presented in his response brief and his Controverting Statement of Facts. Doc. 143, p. 3. He argues that he "would thus be prejudiced and irreparably harmed" if the court were to allow the defendants to file corrected statements. Doc.143, p. 3. The court does not entirely agree. If the amended declarations were allowed, some of the arguments he made in his response brief would become moot. The court believes, however, that any resulting prejudice would be greatly reduced, or eliminated entirely, if he had a chance to file an amended response and statement of facts.

The court does agree that the better procedure would have been for the defendants to move for permission to file an amended Statement of Facts including the amended declarations. Then, assuming the motion were granted, the plaintiff could have filed an amended response eliminating his arguments that the original declarations were inadmissible and streamlining his analysis of the substance of the declarations. Simply putting the amended declarations in the reply does not give the plaintiff a proper chance to rebut the

- 4 -

substance of the declarations because ordinarily the reply ends the briefing and the non-movant does not have a chance to file additional argument.

The plaintiff further argues that Exhibit C should be stricken. Exhibit C contains new declarations by the defendants Julie Burch, Ana Wilber, and Scott Loomis. The plaintiff asserts that these new declarations are improper because they "are an attempt to create a different version of events and not to rebut any arguments Plaintiff has made." Doc. 139, p. 6. The defendants maintain that the new declarations are allowed because they address "a new argument in the nonmovant's response." Doc. 142, p. 3. The court will allow the new declarations to stand for now and reserve judgment as to whether they address arguments made in the plaintiff's response.

IT IS ORDERED that the defendants' motion to exceed page limits is Granted. The defendants may file a 44-page reply brief. Doc. 137.

IT IS FURTHER ORDERED that the plaintiff's motion to strike is Granted in Part. Doc. 139. Exhibits B and D should not appear in the defendants' reply brief.

IT IS FURTHER ORDERED as follows:

The defendants shall have until May 15, 2026, to file an amended Statement of Facts including the amended declarations, Exhibit A. The plaintiff shall have until June 15, 2026, to file an amended response (totaling 34 pages, Doc. 133) and an amended statement of facts. The defendants shall have until June 30, 2026 to file their reply (totaling 44 pages) which may include Exhibit C. The plaintiff shall have until July 15, 2026, to file a sur-reply (totaling 11 pages), if he so desires, addressing, among other things, whether the reply has improperly included additional evidence that does not relate to an argument raised by the plaintiff in his response.

DATED this 5th day of May, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge

- 5 -