WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nirosh H. De Silva,<br><br>Plaintiff,<br><br>vs.<br><br>Pima County Government, a political subdivision/governmental entity; et al.,<br><br>Defendants. | No. CV 24-00200-TUC-MAA<br><br>ORDER |

Pending before the court is the plaintiff's motion, filed on September 29, 2026, for reconsideration of the court's order granting-in-part the defendants' motion for summary judgment (Doc. 155). Doc. 157.

Discussion

A motion for reconsideration invites the court to re-litigate a matter, but it is appropriate in only "rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). It is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (punctuation modified). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence [that could not have been presented earlier with reasonable diligence], (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

law." *School Dist. No. 1J,Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.").

A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); LRCiv 7.2(g)(1). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In this case, "Plaintiff respectfully asks the Court to reconsider most of those claims that were granted summary judgement, that are on the face, misaligned with the factual record, and contrary to: State Supreme Court precedent; Ninth Circuit precedent; and Supreme Court precedent." Doc. 157, p. 15. He asserts that "[g]ranting this Motion for Reconsideration for most if not all [of] the listed claims is warranted to avoid a manifest [in]justice." *Id.*

"In motions seeking reconsideration, 'manifest injustice' is used as a catch-all factor to capture situations that strike the court as fundamentally unfair." *Raya v. Calbiotech*, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019). "However, the manifest injustice standard sets a high bar." *Id*. "The courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Id*. "Additionally, while the manifest injustice ground acts as a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Id*. (punctuation modified).

The plaintiff directs the court to State Supreme Court precedent, Ninth Circuit precedent, Supreme Court precedent, and specific places in the record all of which could have been presented earlier. He argues that the court's decision is manifestly unjust, but none of his arguments establish that the court committed clear error. At best, the plaintiff shows that reasonable minds could differ. That is not enough.

IT IS ORDERED that the plaintiff's motion, filed on September 29, 2026, for reconsideration of the court's order granting-in-part the defendants' motion for summary judgment (Doc. 155) is Denied. Doc. 157.

DATED this 13th day of October, 2026.



Honorable Michael A. Ambri
United States Magistrate Judge