WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Nirosh H. De Silva,

Plaintiff,

vs.

Pima County Government, a political subdivision/governmental entity; et al.,

Defendants.

No. CV 24-00200-TUC-MAA

ORDER

Pending before the court is the defendants' motion, filed on September 30, 2026, to supplement disclosure. Doc. 158. The plaintiff filed a response on October 14, 2026. Doc. 163. The defendants filed a reply on October 21, 2026. Doc. 164.

Previously, on October 17, 2025, the defendants filed a motion for summary judgment on all claims. Doc. 105. The court issued an order addressing the motion on September 15, 2026. Doc. 155. The court denied summary judgment on the plaintiff's claim that the defendants intentionally discriminated against him pursuant to Title VII when they failed to hire him for the position of Business Intelligence Analyst – Senior. *Id.* This claim will be resolved at trial.

When De Silva interviewed for the position, he was interviewed by Dr. Amanda Sapp and ReCharde Johnson. Doc. 158, p. 2. Johnson eventually awarded the position to someone other than De Silva, and in his Complaint, De Silva asserted that Johnson discriminated against him pursuant to Title VII. Doc. 158, pp. 2-3. Accordingly, in their motion for

summary judgment, the defendants relied on testimony from Johnson to show that De Silva had not been discriminated against. Doc. 158, p. 3.

In its order addressing the motion for summary judgment, the court observed that De Silva's application for the position may have been denied by Sapp, not Johnson. Apparently, the defendants now would like Sapp to testify at trial about De Silva's application. The defendants did not, however, name Sapp as a lay witness by the deadline listed in the scheduling order. Doc. 163, p. 3. In the pending motion, they move for permission to amend the lay witness list and name her now. Doc. 158.

Rule 16(b)(4) states that, "A [pretrial discovery] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (punctuation modified). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

The court finds that the defendants have been diligent in their attempts to address the plaintiff's various claims. They failed to name Sapp in their lay witness list because their initial assessment of the plaintiff's claim led them in a different direction, not because of a lack of diligence. *See, e.g., Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, 2015 WL 1258763, at *6 (D. Colo. Mar. 17, 2015) ("[T]he amount of information the parties had to sort through during discovery, the changing focuses of Defendant's investigation as it learned more information during discovery, and the sheer complexity of identifying certain witnesses, taken together . . . provide good cause for allowing Defendant to amend its Phase I witness list to allow for identification of the additional witnesses."). The court further finds that the allowing the defendants to amend the lay witness list would not cause De Silva prejudice if,

as he requests, the parties are allowed a limited period of discovery to explore her possible testimony. *See* Doc. 163, pp. 12-13.

IT IS ORDERED that the defendants' motion, filed on September 30, 2026, to supplement disclosure is Granted. Doc. 158.

The court will allow the parties 60 days from the date this order is issued to complete discovery concerning this witness including, if the parties so choose, her deposition.

DATED this 3rd day of November, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge